IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-35-D
No. 5:16-CV-359-D

| | |
|---|---|
| KALI ELOI ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On June 9, 2016, Kali Eloi Robinson ("Robinson") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 96]. On November 23, 2016, the government moved to dismiss Robinson's section 2255 motion [D.E. 100] and filed a memorandum in support [D.E. 101]. As explained below, the court grants the government's motion to dismiss and dismisses Robinson's section 2255 motion.

I.

On May 18, 2009, pursuant to a plea agreement, Robinson pleaded guilty to armed bank robbery (counts one and three) and to brandishing a firearm during and in furtherance of a crime of violence and aiding and abetting (count four). See [D.E. 46, 47, 83]. On December 9, 2009, at Robinson's sentencing hearing, the court calculated Robinson's total offense level to be 26, his criminal history category to be III, and his advisory guideline range to be 78 to 97 months' imprisonment on counts one and three, and a consecutive 84 months' imprisonment on count four. See Sentencing Tr. [D.E. 84] 6–7. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Robinson to 78 months' imprisonment on counts one and three to run concurrently, and 84 months' imprisonment on count four to run consecutively. See Sentencing Tr.

at 31–37.

Robinson appealed. On April 11, 2011, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Robinson's plea agreement, affirmed Robinson's conviction, and dismissed Robinson's appeal concerning his sentence. See United States v. Robinson, 422 F. App'x 223 (4th Cir. 2011) (per curiam) (unpublished).

On June 9, 2016, Robinson filed his section 2255 motion [D.E. 96]. In his motion, Robinson makes one claim: that due to Johnson v. United States, 135 S. Ct. 2551 (2015), the court should resentence Robinson on count four and order the 84-month sentence to run concurrently with the 78-month sentence. See [D.E. 96] 3.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc.

2

v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Robinson's claims under Johnson v. United States, 135 S. Ct. 2551 (2015), Robinson's plea agreement contains an appellate waiver. See [D.E. 47] ¶ 2(c). In the waiver Robinson agreed

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Robinson's Rule 11 proceeding, the appellate waiver is enforceable. See Robinson, 422 F. App'x at 224–25; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Robinson's claim concerning Johnson falls within the appellate waiver. Thus, the waiver bars the claim.

Alternatively, Robinson failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Robinson from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Robinson has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523

3

U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claim fails.

Alternatively, Robinson cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, the claim fails.

Alternatively, to the extent that Robinson argues that armed bank robbery is not a crime of violence under Johnson, the claim fails. See, e.g., United States v. McNeal, 818 F.3d 141, 152–57 (4th Cir. 2016). Likewise, the court lacks discretion to run the 84-month sentence on count four concurrently with the 78-month sentence on counts one and three. See 18 U.S.C. § 924(c)(1)(A), (D)(ii).

After reviewing the claim presented in Robinson' motion, the court finds that reasonable jurists would not find the court's treatment of Robinson's claim debatable or wrong and that the claim deserves no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 100], DISMISSES Robinson's section 2255 motion [D.E. 96], and DENIES a certificate of appealability.

SO ORDERED. This 30 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

4